# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA I. MCPHAIL and JAMES B. MCPHAIL,<br><br>                      Plaintiffs,<br><br>v.<br><br>FCA US, LLC, and DOES 1 through 10, inclusive,<br><br>                      Defendants. | Case No.: 24-cv-1879-WQH-DDL<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion for an Order Granting Strategic Legal Practices, APC Leave to Withdraw as Counsel of Record for Plaintiff[s] (the "Motion to Withdraw") (ECF No. 18) filed by Strategic Legal Practices, APC ("SLP"), the law firm representing Plaintiffs Priscilla I. McPhail and James B. McPhail (collectively, "Plaintiffs") in this action.

    "An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Urias v. Labcorp Peri-Approval & Commercialization Inc.*, No. 23-CV-1815 JLS (MSB), 2023 WL 8845384, at *1 (S.D. Cal. Dec. 21, 2023) (citation omitted); *see also United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); S.D. Cal. Civ. L.R. 83.3(f)(3)

(requiring that a notice of motion to withdraw as attorney of record be served on the adverse party and on the moving attorney's client, along with a declaration of service).

> In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

*Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citation omitted).

SLP asserts in the Motion to Withdraw that "a complete and irreparable breakdown of the attorney-client relationship has occurred that has made it unreasonably difficult for SLP to carry out the representation effectively." (ECF No. 18 at 5.) SLP explains that, "despite numerous attempts by SLP" to contact Plaintiffs, "Plaintiffs have failed and refused to communicate with, respond to and cooperate with SLP." *Id.* SLP requests the Court relieve its attorneys as counsel for Plaintiffs "because it is impossible for SLP to continue representing Plaintiffs without being able to communicate with them." *Id.* at 6. SLP contends that granting the Motion to Withdraw will not cause prejudice to Plaintiffs or Defendant FCA US, LLC ("Defendant") "because this case is still in its initial stages and a trial date has not yet been assigned." *Id.* In a declaration attached to the Motion to Withdraw, SLP attorney Rabiya Tirmizi details SLP's attempts to communicate with Plaintiffs. *See id.* at 7–8. SLP also attached Certificates of Service demonstrating that it served the Motion to Withdraw on Plaintiffs and counsel for Defendant, in compliance with S.D. Cal. Civ. L.R. 83.8(f)(3)(a). *See id.* at 9–11.

The Court finds that good cause exists to grant the Motion to Withdraw.

IT IS HEREBY ORDERED that the Motion to Withdraw (ECF No. 18) is granted. SLP and attorneys Rabiya F. Tirmizi, Tionna Carvalho, and Elizabeth A. LaRocque are withdrawn as counsel of record in this action.

IT IS FURTHER ORDERED that, no later than seven (7) days from the entry of this Order, SLP shall file a certificate of service indicating that it has served Plaintiffs with a copy of this Order.

IT IS FURTHER ORDERED that Plaintiffs shall have twenty-one (21) days from the date of this Order to obtain new counsel and have counsel file a notice of appearance. If no notice of appearance is filed, the Court will deem Plaintiffs as proceeding *pro se*. "A party proceeding pro se must keep the Court and opposing parties advised as to current address." S.D. Cal. Civ. L.R. 83.11(b). "Failure to comply [ ] may be ground[s] for dismissal …." S.D. Cal. Civ. L.R. 83.11(a).

Dated: March 3, 2025

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court