# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA I. MCPHAIL and JAMES B. MCPHAIL,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>FCA US, LLC, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No.: 24-cv-1879-WQH-DDL<br><br>**ORDER** |

HAYES, Judge:

　　On March 3, 2025, the Court issued an Order (the "March 3 Order") granting Strategic Legal Practices, APC's ("SLP") request to be relieved as counsel of record for Plaintiffs Priscilla I. McPhail and James B. McPhail (collectively, "Plaintiffs"). (ECF No. 20.)[1]

　　The March 3 Order required SLP to "file a certificate of service indicating that it has served Plaintiffs with a copy of [the March 3] Order." *Id.* at 3. On March 10, 2025, SLP filed a Proof of Service indicating that it had served Plaintiffs on that same day with a copy of the March 3 Order via the U.S. Postal Service and e-mail. (*See* ECF No. 22 at 7.)

---

[1] The March 3 Order also granted SLP's request to withdraw attorneys Rabiya F. Tirmizi, Tionna Carvalho, and Elizabeth A. LaRocque as counsel of record in this action. *Id.* at 2.

The March 3 Order also stated:

> IT IS FURTHER ORDERED that Plaintiffs shall have twenty-one (21) days from the date of this Order to obtain new counsel and have counsel file a notice of appearance. If no notice of appearance is filed, the Court will deem Plaintiffs as proceeding pro se. "A party proceeding pro se must keep the Court and opposing parties advised as to current address." S.D. Cal. Civ. L.R. 83.11(b). "Failure to comply [ ] may be ground[s] for dismissal …." S.D. Cal. Civ. L.R. 83.11(a).

(ECF No. 20 at 3.)

On April 7, 2025, the Court issued an Order to Show Cause (the "Order to Show Cause"). (ECF No. 25.) The Order to Show Cause first stated that, because more than twenty-one (21) days had elapsed since the entry of the March 3 Order and no notice of appearance had been filed on behalf of Plaintiffs, "[t]he Court accordingly deem[ed] Plaintiffs as proceeding pro se." *Id.* at 2. The Order to Show Cause also stated that on April 2, 2025, "neither Plaintiff appeared" at a Zoom Status Conference scheduled by Magistrate Judge David D. Leshner, despite multiple docket entries reflecting that Plaintiffs were served with notice of the Status Conference via U.S. Mail Service. *Id.* (citing ECF Nos. 21, 23 & 24). The Order to Show Cause accordingly instructed:

> Plaintiffs are hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed without prejudice for failure to prosecute and failure to comply with the Court's Order to appear at the Status Conference. *See* Fed. R. Civ. P. 41(b). Plaintiffs must file a response to this Order on or before May 7, 2025. If Plaintiffs fail to respond to this Order, the Court will dismiss this case without prejudice.

*Id.*

The docket reflects that Plaintiffs have not shown cause for their failure to prosecute or comply with the Court's Order to appear at the Status Conference.

/ / /

/ / /

/ / /

/ / /

IT IS HEREBY ORDERED that this case is dismissed without prejudice. The Clerk of the Court shall close this case.

The Clerk of the Court is instructed to mail a copy of this Order to Plaintiffs at their last known address. (*See* ECF No. 22 at 7; ECF No. 23 at 2.)

Dated:  May 21, 2025

Hon. William Q. Hayes
United States District Court